UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMANTHA JO TACKITT,<br><br>Defendant. | Case No. 1:13-cr-00115-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant Samantha Tackitt's Motion for Early Termination of Supervised Release (Dkt. 276). For the reasons explained below, the Court will deny the motion, though it will do so without prejudice.

### BACKGROUND

In August 2013, Samantha Tackitt pleaded guilty to one count of conspiracy to distribute methamphetamine. The Court sentenced her to 151 months' imprisonment. During the sentencing hearing, however, the government breached the parties' plea agreement by using Ms. Tackitt's immunized admissions about her criminal conduct. Ms. Tackitt appealed. The Ninth Circuit vacated the judgment and remanded for resentencing. On remand, the Court sentenced her to 121 months' imprisonment, followed by five years of supervised release.

Ms. Tackitt began serving her term of supervised release in February 2021 and, as of this writing, has completed nearly two and a half years. Her five-year period of supervision will expire on February 4, 2026. The Government opposes the request for early termination.

## GOVERNING LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

>    (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>    (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

While Ms. Tackitt has completed more than one year of supervision and has improved numerous areas of her life, the Court is not persuaded that early termination of supervision is warranted.

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

Ms. Tackitt asserts that early termination is warranted because of her performance post-imprisonment. She explains that she values her sobriety and has completed all required programming to combat her addiction. She is employed with Emmett Family Services, where she is "able to give back to the community and help those with [her] lived experiences." *Motion,* Dkt. 276, at 1. She has attended Treasure Valley Community College and plans to return this summer to pursue a master's degree in social work. She is raising her teenage daughter as a single mother and is "so thankful to have another opportunity to be a sober mother for her." *Id.* Notably, she also reports that she been moved to administrative status and is no longer subject to drug testing.

The Court applauds Ms. Tackitt on the many strides she has made during supervision. Nevertheless, after having considered each of the factors outlined above, the Court concludes that early termination of supervision is not warranted.

Before briefly discussing certain § 3553(a) factors, the Court will address the most glaring fact weighing against early termination – Ms. Tackitt's failure to complete 120 hours of court-ordered community service. This mandatory community service was included as a special condition of Ms. Tackitt's supervision. *See Dec. 9, 2013 Am. Judgment,* Dkt. 210, at 4. Ms. Tackitt acknowledges that she has not addressed the community service condition and requests that it be "removed" since she is "currently working a job that is giving

**MEMORANDUM DECISION AND ORDER - 4**

back to the community" *Motion,* Dkt. 276, at 2. While the Court commends Ms. Tackitt on pursuing employment that benefits her community, her paid work for Emmett Family Services does not count towards the community service required as a condition of her supervision.

Moreover, even putting the community-service issue aside, the Court finds that the relevant § 3553(a) factors weigh against early termination. First, concerning the nature and history of the offense, Ms. Tackitt conspired to distribute at least 500 grams of a substance containing methamphetamine. She was arrested while transporting over 1.4 kilograms of actual methamphetamine, and officers also found other drug paraphernalia and over $5,000 in the vehicle. *See Presentence Investigation Report,* Dkt. 204, at 5. Second, regarding Ms. Tackitt's history and characteristics, she has a long history of substance abuse. She began using methamphetamine at age 14 and has a criminal record that begins at the same age. She has struggled with other substances such as marijuana. She has also suffered from a serious gambling problem.

For these reasons, the Court will deny the motion at this time. While Ms. Ms. Tackitt has done a good job juggling recovery, work, school, and motherhood, she needs to complete the community-service requirement. The Court notes that the government says it would not oppose a motion for early termination if Ms. Tackitt completes the community-service requirement and otherwise complies with

MEMORANDUM DECISION AND ORDER - 5

the conditions of supervision. For that reason, the Court will deny Ms. Tackitt's motion without prejudice. She is free to refile the motion upon completing 120 hours of community service.

## ORDER

**IT IS ORDERED that** Defendant Samantha Tackitt's Motion for Early Termination of Supervision (Dkt. 276) is **DENIED WITHOUT PREJUDICE.**

DATED: June 30, 2023

B. Lynn Winmill
U.S. District Court Judge