UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMANTHA JO TACKITT,<br><br>Defendant. | Case No. 1:13-cr-00115-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Samantha Tackitt's Motion for Early Termination of Supervised Release (Dkt. 283). For the reasons explained below, the Court will grant this unopposed motion.

# BACKGROUND

In August 2013, Samantha Tackitt pleaded guilty to one count of conspiracy to distribute methamphetamine. The Court sentenced her to 151 months' imprisonment. During the sentencing hearing, however, the government breached the parties' plea agreement by using Ms. Tackitt's immunized admissions about her criminal conduct. Ms. Tackitt appealed. The Ninth Circuit vacated the judgment and remanded for resentencing. On remand, the Court sentenced her to 121 months' imprisonment, followed by five years of supervised release.

Ms. Tackitt began serving her term of supervised release in February 2021 and, as of this writing, has completed roughly three and one half years. Her five-year period of supervision will expire on February 4, 2026. As noted above, this motion is not opposed.

## GOVERNING LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

>   (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>   (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

As noted above, Ms. Tackitt has completed more than one year of supervision, and she has improved numerous areas of her life. In June 2023, the Court denied Ms. Tackitt's motion for early termination of supervision, noting that

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 3**

as of that date, she had failed to complete 120 hours of court-ordered community service. The Court denied the motion without prejudice, indicating that Ms. Tackitt was free to renew her motion after she had completed the community-service requirement. She has now done that, and her motion for early termination is unopposed. Under these circumstances, and having considered each of the factors outlined above, the Court finds it appropriate to grant early termination. Additionally, the Court commends Ms. Tackitt on her success during supervision, which has been exceptional.

## ORDER

**IT IS ORDERED that** Defendant Samantha Tackitt's Motion for Early Termination of Supervision (Dkt. 283) is **GRANTED.**

DATED: October 8, 2024

_____
B. Lynn Winmill
United States District Judge

MEMORANDUM DECISION AND ORDER - 4